1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

AL ASALI, an individual,

Plaintiff,

v.

THE CHICAGO SCHOOL OF
PROFESSIONAL PSYCHOLOGY;
DR. JOHN SHUSTITSKY, an individual;
and DR. ADRIENNE SULLIVAN,
an individual,

Defendants.

Case No.:  24-CV-398 TWR (JLB)

**ORDER (1) DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT COUNSEL, AND (2) GRANTING PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME TO RESPOND TO ORDER TO SHOW CAUSE**

(ECF Nos. 3, 4, 5)

Presently before the Court are Plaintiff Al Asali's Request for Appointment of Counsel ("Mot. to Appoint Counsel," ECF No. 4) and Plea to Grant an Extra Time to Present Order to Show Cause ("Mot. for Extension of Time" or "MET," ECF No. 5), filed in response to the Court's March 4, 2024 Order for Plaintiff to Show Cause Why This Action Should Not Be Dismissed for Lack of Subject-Matter Jurisdiction ("OSC," ECF No. 3).  Having considered Plaintiff's filings and the relevant law, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's Motion to Appoint Counsel and **GRANTS** Plaintiff's Motion for Extension of Time, as follows.

Regarding Plaintiff's Motion to Appoint Counsel, "[g]enerally, a person has no right to counsel in civil actions." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).  Under

1

1    28 U.S.C. § 1915(e)(1), however, a court may "appoint counsel for indigent civil litigants"

2    based on a showing of "exceptional circumstances."  *Id.* (citing *Agyeman v. Corrs. Corp.*

3    *of Am.,* 390 F.3d 1101, 1103 (9th Cir.2004), *cert. denied*, 545 U.S. 1128 (2005)).   In

4    determining whether exceptional circumstances exist, the court considers (1) the

5    "likelihood of success on the merits" and (2) "the ability of the petitioner to articulate his

6    claims *pro se* in light of the complexity of the legal issues involved."  *Id.*  (quoting

7    *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).

8         Here, Plaintiff indicates that he has "been granted, or ha[s] applied for, permission

9    to proceed *in forma pauperis*."  (*See* Mot. to Appoint Counsel at 1.)  To the contrary,

10   Plaintiff paid the $405 filing fee.  (*See* ECF No. 1.)  Accordingly, Plaintiff must attach an

11   affidavit demonstrating his inability to pay for an attorney.  (*See* Mot. to Appoint Counsel

12   at 1); *see also United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) ("When a

13   claim of poverty is made under section 1915 'it is proper and indeed essential for the

14   supporting affidavits to state the facts as to affiant's poverty with some particularity,

15   definiteness and certainty.'" (quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th

16   Cir. 1960))); *Chaker v. Adams*, No. 10CV2599-GPCBGS, 2015 WL 410552, at *2 (S.D.

17   Cal. Jan. 29, 2015) (denying motion to appoint counsel filed by pro se plaintiff not

18   proceeding *in forma pauperis* where she failed to provide a financial affidavit

19   demonstrating her indigency).  Although Plaintiff indicates that his income "do[es] no[t]

20   exceed $1000.00 a month," (*see* Mot. to Appoint Counsel at 2), this does not provide

21   sufficient information regarding Plaintiff's monthly expenses, assets, and other financial

22   obligations for the Court to determine whether Plaintiff is indigent for purposes of 28

23   U.S.C. § 1915.  Further, given the pendency of the Court's Order to Show Cause, the Court

24   cannot conclude that Plaintiff has demonstrated the requisite likelihood of success on the

25   merits.  The Court therefore necessarily **DENIES** Plaintiff's Motion to Appoint Counsel

26   (ECF No. 4), **WITHOUT PREJUDICE** to Plaintiff filing a renewed motion supported by

27   a sufficiently detailed affidavit at a later date after subject-matter jurisdiction has been

28   established.

24-CV-398 TWR (JLB)

As for Plaintiff's Motion for Extension of Time, Plaintiff requests "some extra time to respond to the court order . . . to gather the evidence [he] need[s] or to find an attorney." (*See* MET at 2.)  Although Plaintiff does not specify how much additional time he requires, the Court concludes that an additional three weeks is reasonable.  Accordingly, the Court **GRANTS** Plaintiff's Motion for an Extension of Time (ECF No. 5), and Plaintiff **SHALL RESPOND** to the Court's Order to Show Cause <u>on or before April 23, 2024</u>.

**IT IS SO ORDERED.**

Dated:  April 2, 2024

_____
Honorable Todd W. Robinson
United States District Judge

24-CV-398 TWR (JLB)